UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRAIDAN CHASE COY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-00188-JPH-DLP |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Respondent. ) | |

**ORDER TO SHOW CAUSE**

Braidan Coy's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenges his conviction for attempted murder in state court cause number 22D01-1904-F3-706.

**I.**

Mr. Coy's motion to proceed *in forma pauperis*, dkt. [2], is **denied as presented** because he has failed to include a trust account statement of his trust account transactions for the six months preceding the filing of this petition to show he cannot afford the $5.00 filing fee. Mr. Coy shall have **through May 21, 2021,** in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so by filing a copy of his trust account statement.

**II.**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has

fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

In his habeas petition, Mr. Coy alleges that his trial and appellate counsel rendered ineffective assistance of counsel. The Indiana Court of Appeals affirmed Mr. Coy's convictions on direct appeal on November 13, 2020, *Coy v. State*, 161 N.E.3d 1246 (Ind. Ct. App. Nov. 13, 2020), and the Indiana Supreme Court denied transfer on February 11, 2021, *Coy v. State*, 165 N.E.3d 74 (Ind. Feb. 11, 2021). Mr. Coy did not raise ineffective assistance of counsel in his direct appeal. *Coy*, 161 N.E.3d. It appears Mr. Coy still has the opportunity to assert his ineffective assistance of counsel claims in state court by filing a petition for post-conviction review in the county of his conviction. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Accordingly, Mr. Coy shall have **through May 21, 2021,** to show cause why this habeas petition should not be dismissed without prejudice for failure to exhaust his state court remedies.

**SO ORDERED.**

Date: 4/26/2021

                                                      *James Patrick Hanlon*
                                                      James Patrick Hanlon
                                                      United States District Judge
Distribution:                                   Southern District of Indiana

BRAIDAN CHASE COY
278668
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838